## SCHULZ v. VOGEL.

(Supreme Court, Appellate Term. November 10, 1898.)

WITNESSES—CROSS-EXAMINATION—DEFENSE.

Where the defense was that the instrument sued on belonged to plaintiff's son, he having the same name, and defendant did not refuse a demand of payment on that ground, the refusal to permit a cross-examination of defendant as to why no such claim was made at the time of refusing payment is error.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Frederick Schulz against Frederick Vogel. There was a judgment for defendant, and plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Charles Schwick, for appellant.

A. E. Hagemann, for respondent.

PER CURIAM. The matter in dispute here is whether the chattel mortgage in question was made to the plaintiff, or, as the defendant claims, to plaintiff's son, who bore the same name. It appears that when the debt, to secure which the mortgage was given, matured, the plaintiff, accompanied by his attorney, made a demand upon the defendant for the money, and that the only response of the latter was that he had concluded to let the plaintiff sue him for it. He made no mention whatsoever of any claim on his part that the mortgage had been made to the son, and not to the father. On cross-examination he was asked by the plaintiff's attorney the following question: "Q. At the time when I went to your place to collect the money on this mortgage, I introduced Mr. Schulz, Sr., as the owner of this mortgage. Why didn't you deny that he was the owner?"—which was excluded. We think that, in view of the sharp conflict of evidence which existed upon the subject, the question should have been allowed. When an unfounded claim is made against a person, he may well be expected to repudiate it in terms which will indicate the grounds of his refusal to recognize his liability. Silence under such circumstances is at least some evidence bearing upon the credibility of his defense to the claim when he is subsequently sued upon it. Under the circumstances, we think that the action of the court in excluding the question was error of such substance as to call for a reversal. We are the more inclined to take this action in view of the somewhat unsatisfactory condition of the proofs. It is to be hoped that upon the new trial all the facts bearing upon the matter in suit will be brought out with greater precision and clearness. As the question was raised upon the argument of this appeal, we think it proper to say that, if the facts are as testified to on behalf of the plaintiff, there was sufficient consideration to support the mortgage, and the plaintiff would be entitled to judgment.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.